IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                Case No. 12-4115-JTM

David G. Pflum,

    Defendant.

MEMORANDUM AND ORDER

On April 9, 2013, the court granted the Motion for Default Judgment of the United States in this civil action which seeks to recover tax liabilities of the defendant, David G. Pflum. (Dkt. 19). Shortly after this Order, and pursuant to it, the Clerk entered judgment against Pflum in the amount of $6,408,357.25.

Appearing *pro se*, Pflum has now submitted a pleading entitled:

NOTICE TO CEASE AND DESIST,
RESCIND And TERMINATE ALL CASES FILED
In KS, WA, & NV District Courts

(Dkt. 22). Pflum claims that the underlying tax liability has been discharged because the debt was not "validated" through a "form 23C." He alleges that the government has agreed that the United States Tax Code (Title 18) is invalid, and asserts that he has commenced "a class action petition filed in the DC court." Finally, he repeats an earlier claim that his tax

debt has been offset by his issuance of an "instrument," apparently drawn on a secret treasury account in the name of DAVID GERARD PFLUM in favor of David G. Pflum.

The court liberally construes Pflum's Notice as a motion for reconsideration under Fed.R.Civ.Pr. 59(e). A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Even liberally construed, Pflum has failed to show any basis for reconsideration, and the court finds that the arguments in his Notice are boilerplate tax protestor rhetoric and wholly without merit. First, Title 18 governs criminal procedure, and has no relationship to the present action, a civil tax action under 26 U.S.C. § 7401, 7402, and 7403. Second, Pflum has failed to present any credible basis for concluding that Title 18 of the United States Code is somehow unconstitutional.

Pflum's complaint that his tax debt is excused because he has not received a "Form 23C" is equally without merit. The law does not require the government to separately

"validate" such assessments. *See Ford v. Pryor*, 552 F.3d 1174 (10th Cir. 2008); *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). Here, Pflum's tax liabilities were adequately documented in the evidence attached to the Motion for Default Judgment. (Dkt. 16, ¶¶ 7-19 with Exhibits 4-16, containing the Form 4340 Certificates of Assessments, Payments, and Other Specified Matters).

Finally, the court rejects as frivolous Pflum's contention that the government discharged his debt when it refused to accept as a setoff the "EFT instrument" issued by him, which is apparently based a non-existent, secret account and accordingly quite worthless. Courts have had little difficulty finding that such devices, grounded on "revisionist legal history and conspiracy theory," provide no valid basis for the avoidance of tax liabilities. *See Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007).

The court accordingly denies Pflum's Notice to the extent that it seeks any particular reconsideration or modification of the court's earlier Order or Judgment. The defendant Pflum is cautioned that, in any future pleadings, the defendant should not repeat any argument made in the Notice, that future frivolous filings may be stricken, and future filings restricted by the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting power of court's to sanction abusive pleadings).

IT IS SO ORDERED this 19th day of August, 2013.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE